UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No.: 15-46518
                                                            Chapter 7
MAYRA LETICIA CASTILLO-TERRAZA,                             Hon. Walter Shapero

        Debtor.
_____/

## ORDER DISAPPROVING REAFFIRMATION AGREEMENT BUT PROVIDING DEBTOR WITH OTHER RELIEF

University of Michigan Credit Union ("Creditor") having filed a Motion for Approval of Reaffirmation Agreements (Docket Nos. 25 and 29) ("Motion"), made between it and the Debtor (Debtor's attorney not having signed same); Debtor having filed a Statement of Intention (Docket No. 6) with regard to a 2014 Nissan Pathfinder ("Vehicle") indicating her intent to retain and reaffirm that Vehicle; the Motion states (a) that as of the filing date, Debtor was indebted to Creditor in the amount of $29,961.36 ("Larger Debt"), said debt being secured by a duly perfected security interest in the Vehicle; and (b) Debtor was also indebted to Creditor on a cross-collateralized loan on the Vehicle in the amount of $4,058.35 ("Smaller Debt");

At the Court's request, Creditor supplied the Court with the documentation evidencing those allegations (Docket No. 35); The provided documentation consisting only of (1) a Loan Agreement between Debtor and Creditor dated May 2, 2012 requiring total payments thereunder of $13,771.30; said agreement relating to the Smaller Debt being specifically stated to be unsecured (except for Debtor's shares of, or deposits in, the Creditor); said agreement also containing the provision "Collateral used to secure this loan shall be used to secure any existing loan and any future loan with the [Creditor]"; and (2) an agreement relating to the Larger Debt dated March 7, 2014 between Debtor and Dick Scott Nissan for the purchase of the Vehicle for a

1

total debt of $41,760 that provides for a security interest in only that Vehicle (said provided documentation does not include, however, neither the required assignment of interests to Creditor, or, any proof of perfection of said alleged security interest in favor of Creditor); the monthly payments on the Larger Debt are $580.00 and on the Smaller Debt are $229.00; it further appears that while the Motion refers to reaffirmation of both debts, the Reaffirmation Agreement Cover Sheet, the Reaffirmation Agreement itself, and other submitted documents signed by Debtor, refer only to the Larger Debt; consistent with that, Debtor indicated at the hearing that she thought that what was involved was only the Larger Debt (and her Schedule J indicates only the monthly payment on such as an expense); it further appearing that the Motion, prepared and filed by Creditor, specifically stated that Debtor's counsel had executed a certification in support of the Reaffirmation Agreement, when such in fact is not the case; it further appearing that in said Motion, Creditor stated the current market value of the vehicle to be $35,000, when in fact he indicated at the hearing it was substantially less than that, and, it appears that the Kelly Blue Book value for the subject Vehicle in a sale to a private party ranges between approximately $21,000 and $24,000; it further appearing that notwithstanding the foregoing, Creditor has taken the position that it is here seeking reaffirmation of both debts, and apparently, reaffirmation of just the Larger Debt is not satisfactory to it; the Court having held a hearing required by 11 U.S.C. § 524(d) on notice to the Debtor and Creditor; it further appearing from Debtor's Schedules, the Docket, and the evidence adduced at the hearing that:

    a) Debtor has three dependent children, ages 10, 13, and 20 years;

    b) Schedule I shows the Debtor currently has monthly income of $3,503.00 per month, but that includes $466.00 of support payments and an apparent boyfriend's monthly contribution of $1,100.00 to the household; the Court believing that consideration of the

certainty of the continuation of the latter two income items is likely less than that of Debtor's other income, and must be taken into account;

c) Schedule J shows monthly expenses of $3,490.00 per month, including the proposed reaffirmed vehicle payment of $580.00, plus $330.00 monthly for vehicle insurance;

d) Schedule J shows the following noted expenses as compared with the IRS standards for such expenses for the indicated household size:

| EXPENSE ITEM(S) | EXPENSE LISTED ON DEBTOR'S SCHEDULE J | IRS EXPENSE STANDARDS FOR FAMILY OF 4 |
|---|---|---|
| Food, housekeeping supplies | $500.00 | $851.00 |
| Apparel and services | $75.00 | $244.00 |
| Miscellaneous | $55.00 | $300.00 |
| Vehicle operating costs (Debtor apparently has two operating vehicles) | $200.00 | $590.00 (One vehicle would be $295.00) |
| Housing and utilities (Family of four) | $1,575.00 | $2,418.00 |
| **TOTALS** | $2,405.00 | $4,403.00 |

Based on all of the foregoing, the Court hereby determines that clearly and with reference to only the Larger Debt, let alone the Smaller Debt, the subject Reaffirmation Agreement imposes an undue hardship on the Debtor and is not in the best interest of the Debtor; NOW THEREFORE, the Court declines to approve (or disapproves) the Larger Debt Reaffirmation Agreement under 11 U.S.C. § 524(m); Incident thereto, however, taking into account the indicated filed Statement of Intention, IT IS HEREBY ORDERED that as long as the Debtor is complying with the contractual monetary and other obligations relating to the Larger Debt and is not in default with respect thereto said Larger Debt (and not withstanding any claimed default with respect to the Smaller Debt), Creditor may not seek to enforce its rights in respect to the Larger Debt and/or repossess the vehicle, unless (and notwithstanding the bankruptcy or discharge of the debt itself) it is clearly

3

permitted to do so under applicable law, or this Order. *See In re Caraballo*, 386 B.R. 398 (Bankr. D Conn. 2005); *In re Waller*, 394 B.R. 111 (Bankr. D. S.C. 2008); *Coastal Fed. Credit Union v. Hardiman*, 398 B.R. 161 (E.D. N.C. 2008); *In re Baker*, 390 B.R. 524 (Bankr. D. Del. 2008); *In re Chim*, 381 B.R. 191 (Bankr. D. Md. 2008). IT IS FURTHER ORDERED AND DETERMINED that even if Creditor can show that it has a valid security interest in the Vehicle, in any event, the submitted documentation shows the Vehicle in fact is not collateral for the Smaller Debt. IT IS FURTHER ORDERED that, notwithstanding the foregoing, if by September 18, 2015, Creditor does not supply Debtor (and file with the Court) the above-required appropriate proof of Creditor's claimed security interest in the Vehicle relative to the Larger Debt, this Order shall be construed without further action by the Court, as being a determination that Creditor does not have, and is unable to enforce, any security interest rights in the Vehicle.

.

**Signed on September 03, 2015**

                                          **/s/ Walter Shapero**
                            **Walter Shapero**
                            **United States Bankruptcy Judge**